**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

STEVE MARTIN BREWER                                                                    PLAINTIFF

v.                                           3:12CV00309-BSM-JJV

IZARD COUNTY JAIL; *et al.*                                                         DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

  2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

  3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

  From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.

  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

  Plaintiff, Steve Brewer, filed this *pro se* action, alleging deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights while incarcerated at the Izard County Jail.[1] On December 21, 2012, this Court provided Plaintiff with the opportunity to submit an Amended Complaint (Doc. No. 3). As of this date, Plaintiff has not submitted an Amended Complaint; however, it appears from the docket sheet that he never received the Court's Order. But having reviewed the original Complaint, the Court finds it should be dismissed for failure to state a claim on which relief may be granted.

**I. SCREENING**

---

[1] Based on a December 27, 2012, Notice of Change of Address, it appears that Plaintiff was released from incarceration (Doc. No. 4).

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id.*

## II.   FACTS AND ANALYSIS

In his Complaint, Plaintiff names the Jail and three individuals as Defendants. However, the Jail is not considered a "person" within the meaning of 42 U.S.C. § 1983, and therefore, cannot be sued in this action. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir.

1992) (holding that police and sheriff's departments are not usually considered legal entities subject to suit); *Ketchum v. City of West Memphis*, 974 F.2d 81 (8th Cir. 1992) (holding that the West Memphis Police Department and Paramedic Services are departments or subdivisions of the City government and not separate juridical entities).

In addition, Plaintiff does not allege any specific unconstitutional actions by any of the named Defendants. Therefore, the Court finds his Complaint, alleging he was "denied medical attention," is too vague and conclusory to support a constitutional claim for relief, and should be dismissed.

If Plaintiff wishes to pursue this case, he should file an Amended Complaint with his objections to this Recommendation. The Clerk shall send Plaintiff another copy of the December 21, 2012, Order and a new complaint form.

### III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint against Defendants be DISMISSED with prejudice for failure to state a claim upon which relief may be granted.

2  This dismissal be considered a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[2]

3. The Court certify that an *in forma pauperis* appeal from an Order and

---

[2]The statute provides that a prisoner may not file an *in forma pauperis* civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.

Judgment dismissing this action will not be taken in good faith.  28 U.S.C. § 1915(a)(3).

4. The Clerk of the Court shall send Plaintiff another copy of the December 21, 2012, Order and a new complaint form.  If Plaintiff wishes to pursue this case, he should file an Amended Complaint with his objections to this Recommendation within fourteen days.

DATED this 8th day of March, 2013.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE